STONER v ANDERSON et

Ohio Appeals, 5th Dist, Stark Co

No 1494. Decided October, 1934

H. J. Shoemaker, Canton, for plaintiff in error.

Amerman & Mills, Canton, for defendants in error.

## OPINION

By LEMERT, J.

Sec 10509-54, GC, provides what property is exempt from administration. §10509-54 GC provides as to the disposition of exempted personal chattels, and §§10509-121 and 10509-122 GC provides:

"Nothing in the next two preceding sections shall affect any lien, legal or equitable, which a creditor or other person had upon the personal estate of the deceased during his lifetime."

It is important to observe that §10509-54 GC makes it mandatory that upon the

widow's selection such household goods shall not be deemed assets or administered as such. The sections just quoted, §§10509-121 and 10509-122 GC, listing the class of debts to be paid, does not include such statutory allowance to the widow. The reason is very apparent, for it is not a debt, but is a statutory provision to be fulfilled before even debts of any kind are considered. As hereinbefore stated, there was no lien upon this personal property, to-wit: the furniture in question.

Under §8436 GC it is provided:

"The unpaid seller of goods loses his lien thereon—

(a) When he delivers the goods to a carrier or other bailee for the purpose of transmission to the buyer without reserving the property in the goods or the right to the possession thereof.

(b) When the buyer or his agent lawfully obtains possession of the goods," etc.

In the case at bar, the purchaser, I. O. Stoner, had exclusive and uninterrupted possession and use of these goods for sometime before his death, so that the principal questions in this case to be determined are: First—Whose property was the furniture in question at the time of the deecase of I. O. Stoner? Second—Does the defendant in error herein have any lien, either legal or equitable, in said household goods? Third —Has the defendant in error been guilty of laches and thereby allowed the interest of an innocent third party to be put in jeopardy?

In answer to the first question, we have the facts in the record that I. O. Stoner was the owner of said furniture at the time of his decease, and by virtue of the appraisers having set off the same to the widow, the property and said furniture thereby passed to the widow, subject to whatever lien the defendant in error had therein, if any. At the time of attempting levy of said execution, the property and possession of said furniture belonged to Anola Stoner, and her property could not be subjected to the satisfaction of the debts of the estate of I. O. Stoner by a mere levy, for thereby the judgment creditor would be subjecting the property of a third party to the payment of such judgment creditor's debts.

Going to the proposition of the second question, the matter of the lien, if any, which the defendant in error had in said furniture, we cannot find that the statutes or law invoke any lien in favor of an unpaid seller, except the lien of a vendor. We are not unmindful of the fact that the statutes make a provision that no chattel property shall be exempt from execution in favor of a judgment creditor for any of the unpaid purchase price. But this exemption applies only between the vendor and the vendee and certainly does not carry over to an innocent third party, especially when such third party has legally come into possession thereof, as did the widow in this case.

Coming now to consider the third question, whether or not the defendant in error has been guilty of laches, we are of the opinion that it was his duty to have raised this issue at the time the inventory was filed in Probate Court. Not having done so, the widow, of course, was placed in a position where she assumed that the said household goods were hers by right of such set off by the appraisers. Had she then been informed of the claimed right of the defendant in error in such chattel property, she could have elected to take money in lieu thereof. She is now perhaps deprived of such choice and if the defendant in error is now permitted to seize said household goods, then she becomes deprived of property that the law intends to be exempt to and belong to her.

We are, therefore, of the opinion that the finding and judgment of the court below is erroneous and the same is hereby reversed and final judgment rendered for plaintiff in error. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.